| | |
|---|---|
| **WATEROUT OF N.E. FLORIDA, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:**     **09-3234 c/w** |
| |                **09-3235** |
| **RESOURCE/ONE LLC, ET AL.** | **SECTION: "A" (4)** |

## ORDER

**IT IS ORDERED** that the **Ex Parte Motion for Expedited Hearing Regarding K&B General Contractors, LLC's Motion to Quash (R. Doc. 92)** filed by Consolidated Plaintiff, K&B General Contractors, LLC ("K&B"), is hereby **GRANTED**. The motion will be considered on the briefs.

Before the Court is a **Motion to Quash Deposition Subpoena Directed to K&B General Contractors, LLC (R. Doc. 91)** filed by K&B seeking to quash a subpoena for its 30(b)(6) deposition. K&B claims that on May 24, 2010, Defendant, Shaw Environmental, Inc. ("Shaw"), served a subpoena on K&B seeking to depose K&B on June 1, 2010, at 10:00 a.m. (R. Doc. 91-2, p. 1; Exh. A.) The extended deadline for discovery, as ordered by the presiding Judge, is May 21, 2010. (R. Doc. 59, p. 2.) Trial in this matter is set to commence on June 28, 2010. (R. Doc. 24, p. 2.)

Under Rule 16(b)(4) a Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). To demonstrate good cause, the movant must show that "the deadlines cannot be reasonably met despite the diligence of the party needing the extensions." *S&W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)

Here, Shaw seeks to depose K&B over a week after the discovery deadline set by the Court. Shaw did not seek leave of the Court to conduct discovery beyond the deadline set by the Court nor

did it seek an extension of the discovery deadline before serving its subpoena.  Therefore, K&B's motion to quash is granted.

Accordingly,

**IT IS ORDERED** that K&B's **Motion to Quash Deposition Subpoena Directed to K&B General Contractors, LLC (R. Doc. 91)** is hereby **GRANTED.**

New Orleans, Louisiana, this 1st day of June 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**